ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **YADIRA E. LÓPEZ TOLEDO, et al**<br><br>Apelante<br><br>v.<br><br>**MULTINATIONAL INSURANCE COMPANY**<br><br>Apelado | KLAN202500029 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.: **BY2024CV03433**<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2025.

Comparece ante nos la señora Yadira E. López Toledo, por sí y en representación de la sociedad legal de bienes gananciales compuesta con el señor Rodolfo Fernández González (por separado señora López Toledo, en conjunto parte demandante-apelante) mediante el presente recurso de *Apelación* y nos solicita que revoquemos la *Sentencia Sumaria Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 2 de diciembre de 2024.[1] En el aludido escrito, el foro sentenciador declaró **Ha Lugar** la *Moción de Desestimación*[2] presentada por El Yunque Landscaping Corp.

Por los fundamentos que expondremos a continuación, se revoca el dictamen apelado y devolvemos el caso al Tribunal de Primera Instancia para que continúen los procedimientos.

---

[1] Apéndice del Recurso de *Apelación*, págs. 50-55. Notificada y archivada en autos el mismo día.
[2] *Íd.* págs. 28-34.

Número Identificador
SEN2025 _____

**I**

El 12 de junio de 2024 la señora López Toledo, por sí y en representación de la sociedad legal de bienes gananciales compuesta con el señor Fernández González, presentaron una *Demanda* sobre daños y perjuicios contra Multinational Insurance Company (Multinational) en representación del Consejo de Titulares del Condominio Altos de Panorama (Consejo de Titulares del Condominio).[3] En síntesis, alegó que el 27 de septiembre de 2022, mientras cruzaba un puente peatonal que conecta los edificios del Condominio Altos de Panorama, sufrió un aparatoso accidente al resbalar con una loza cubierta de limo. Adujo, que a raíz del accidente sufrió múltiples golpes en su cuerpo, en especial en su rodilla, por la cual tuvo que ser intervenida quirúrgicamente. Alegó, del mismo modo, que realizó una reclamación extrajudicial y gestiones de inteligencia con la aseguradora Multinational, aseguradora del Consejo de Titulares del Condominio. La parte demandante arguyó que el Consejo de Titulares del Condominio fue negligente al no dar mantenimiento adecuado al lugar en donde ocurrió el accidente. Por tal razón, solicitó al foro primario la suma no menor de doscientos cincuenta mil dólares ($250,000.00) en concepto de daños y la suma de diez mil dólares ($10,000.00) en concepto de daños especiales.

En respuesta, el 19 de agosto de 2024, Multinational presentó su *Contestación a Demanda*.[4] En el referido escrito, presentó sus alegaciones responsivas y alegó de manera afirmativa que el Consejo de Titulares del Condominio contrató a El Yunque Landscaping Corp. (El Yunque Landscaping). Del mismo modo, adujo que El Yunque Landscaping, era responsable de todo y cada uno de los daños alegados por la parte demandante por ser las personas

---

[3] Apéndice del Recurso de *Apelación*, págs. 1-4.
[4] *Íd.* págs. 5-21.

encargadas del mantenimiento diario de los pisos en los edificios, estacionamiento, aceras, escaleras, entre otros lugares.

Así las cosas, el 20 de agosto de 2024, la parte demandante presentó una *Moción de Autorización para Presentar Demanda Enmendada.*[5] En esencia, solicitó al foro primario autorización para presentar una demanda enmendada para añadir al pleito a El Yunque Landscaping y su posible Aseguradora XYZ.

El 21 de agosto de 2024 el Tribunal de Primera Instancia permitió la enmienda a la *Demanda.*[6]

Luego, el 6 de noviembre de 2024 El Yunque Landscaping presentó una *Moción de Desestimación* bajo el inciso (5) de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.[7] En dicho escrito, alegó que no existe una reclamación que justifique la concesión de un remedio, debido a que la causa de acción de la parte demandante contra este estaba prescrita. Arguyó que no fue hasta dos años luego de ocurridos los alegados hechos, que la parte demandante solicitó enmendar la demanda para incluir por primera vez alegaciones contra éste. Del mismo modo, adujo que la parte demandante no señaló las diligencias realizadas para dar con la identidad de estos.

El 6 de noviembre de 2024, la parte demandante presentó su *Oposición a Moción de Desestimación.*[8] En esencia, arguyó que a pesar de haber sostenido con Multinational una reclamación extrajudicial y gestiones de inteligencia, esta nunca le notificó sobre El Yunque Landscaping hasta la contestación de la demanda.

Así las cosas, el 7 de noviembre de 2024, el foro primario emitió una *Orden* en la cual le requirió a la parte demandante a detallar, mediante declaración jurada, todas las gestiones de

---

[5] Apéndice del Recurso de *Apelación*, págs. 22-23. Véase, págs. 24-27.
[6] Tomamos conocimiento judicial del caso **BY2024CV3433** en el Sistema Unificado del Manejo y Administración del Caso (SUMAC), Entrada Número **11**.
[7] Apéndice del Recurso de *Apelación,* págs. 28-34.
[8] *Íd.* págs. 35- 36.

inteligencia realizadas con Multinational.[9] Por lo que el 13 de noviembre de 2024, la parte demandante presentó una *Moción en Cumplimiento de Orden*.[10] En respuesta, El Yunque Landscaping presentó una *Moción en cuanto a "Moción en Cumplimiento de Orden"* el 14 de noviembre de 2024.[11] En el referido escrito, El Yunque Landscaping alegó que al examinar la *Moción en Cumplimiento de Orden* presentada por la parte demandante, no se encontraba alguna gestión encaminada a identificar o dar con el paradero de quien daba mantenimiento a las escaleras de donde ocurrió el accidente para así incluirlo en el término prescriptivo.

Finalmente, el 30 noviembre de 2024, el Tribunal de Primera Instancia emitió una *Sentencia Sumaria Parcial*.[12] En ella declaró **Ha Lugar** la *Moción de Desestimación* presentada por El Yunque Landscaping. El foro primario resolvió que la parte demandante debió haber identificado quién daba mantenimiento al puente peatonal donde ocurrió el accidente, para así incluirlo en la demanda original dentro del término prescriptivo. Del mismo modo, razonó que los asuntos incluidos en la declaración jurada presentada por la parte apelante no demostraron aquellas diligencias mínimas encaminadas a dar a conocer la identidad de los posibles responsables de su causa de acción.

En desacuerdo, el 16 de diciembre de 2024, la parte demandante presentó su *Moción de Reconsideración*.[13] El mismo día, el Tribunal de Primera Instancia emitió una *Resolución Interlocutoria* declarándola **No Ha Lugar**.

Inconforme, el 13 de enero de 2025 la parte apelante acudió ante nos mediante el presente recurso de *Apelación* y nos plantea la comisión de los siguientes errores:

---

[9] Entrada Núm. **20** en SUMAC.
[10] Apéndice del Recurso de *Apelación*, págs. 38-42.
[11] Apéndice del Recurso de *Apelación*, págs. 43-46.
[12] *Íd.* págs. 50-55. Notificada y archivada en autos el mismo día.
[13] *Íd.* págs. 56- 63.

ERRÓ EL TPI AL APLICAR EL MARCO PROCESAL DE UNA MOCIÓN DE SENTENCIA SUMARIA A UNA MOCIÓN DE DESESTIMACIÓN, SIN CONCEDERLE A LA SEÑORA LÓPEZ LAS GARANTÍAS PROCESALES QUE TAL VEHÍCULO DISPOSITVO CONLLEVA.

ERRÓ EL TPI AL DETERMINAR QUE LA RECLAMACIÓN EN CONTRA EL YUNQUE LANDSCAPING CORP. ESTABA PRESCRITA.

El 14 de febrero de 2025 la parte apelada presentó su *Alegato en Oposición*.

Contando la comparecencia de ambas partes, procedemos a resolver.

## II

### A

La persona que mediando culpa o negligencia causa daño a otra, está obligada a repararla. Artículo 1536 del Código Civil de Puerto Rico 2020, 31 LPRA sec. 10801. En nuestro ordenamiento jurídico, aquellos actos y omisiones en los cuales intervenga algún grado de culpa o negligencia son fuentes de las obligaciones que generan lo denominado como responsabilidad civil extracontractual. *Pérez et al. v. Lares Medical et al.,* 207 DPR 965, 976 (2021). Para que prospere una causa de acción sobre daños y perjuicios, la parte reclamante debe demostrar la concurrencia de los siguientes requisitos: "(1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado, y (3) el acto u omisión cual tiene que ser culposo o negligente". *Íd.* citando a *López v. Porrata Doria*, 169 DPR 135, 150 (2006).

El concepto de culpa o negligencia es aquella falta del debido cuidado, que a su vez consiste en no anticipar y prever aquellas consecuencias racionales de un acto, u omisión, que una persona prudente hubiera previsto en las mismas circunstancias. *López v. Porrata Doria, supra.*, pág. 151 citando a *Toro Aponte v. E.L.A.*, 142 DPR 464, 473 (1997).

Por otro lado, sobre el concepto de omisión, el Tribunal Supremo ha establecido que para determinar si una persona incurrió en responsabilidad civil extracontractual mediando omisión es necesario considerar los siguientes factores:

> i) la existencia o inexistencia de un deber jurídico de actuar por parte del alegado causante del daño y (ii) si de haberse realizado el acto omitido se hubiera evitado el daño.

> *Hernández Vélez v. Televicentro,* 168 DPR 803, 812 (2006) citando a *Soc. Gananciales v. G. Padín Co., Inc.,* 117 DPR 94, 106 (1986).

El deber de indemnizar en las acciones por daños y perjuicios presuponen la existencia de un nexo causal entre el daño y el hecho que lo origina, pues solo se indemnizan aquellos daños que son consecuencia de aquel hecho que obliga a realizar una indemnización. *López v. Porrata Doria*, *supra.*, pág. 151 citando a *Estremera v. Inmobiliaria Rac., Inc.,* 109 DPR 852, 856 (1980). En nuestro ordenamiento jurídico el Tribunal Supremo ha expresado que en las acciones de daños y perjuicio se rige la doctrina de causalidad adecuada, la cual establece que "no es causa toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce según la experiencia general". *Íd.,* págs. 151-152 citando a *Soc. de Gananciales v. Jerónimo Corp.,* 103 DPR 127, 134 (1974).

**B**

A tenor con la Regla 10 de Procedimiento Civil, supra, R. 10, la parte demandada puede presentar tres (3) tipos de mociones previo a contestar la demanda presentada en su contra: (1) solicitud de desestimación; (2) solicitud para solicitar una exposición más definida; (3) y moción eliminatoria. Véase, además, *Costas Elena v. Magic Sport Culinary, Corp.*, 213 DPR 523 (2024). Asimismo, una persona contra quien se presentó una reclamación judicial puede solicitar la desestimación del pleito si es evidente que de las

alegaciones incluidas en la demanda prosperará alguna de las defensas afirmativas de la Regla 10.2 de Procedimiento Civil, supra. Véase, *Comisión v. González Freyre et al.*, 211 DPR 579 (2023); *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 83 (2023); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012). A tenor con ello, la parte demandada puede presentar una solicitud de desestimación invocando que la demanda "deja de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, supra, R. 10.2 (5); Eagle Security Police, Inc. v. Dorado, supra, pág. 83. Asimismo, la desestimación solicitada "se dirigen a los méritos de la controversia y no a los aspectos procesales del caso como las demás mociones de desestimación bajo la Regla 10.2 de Procedimiento Civil, supra". *Montañez v. Hosp. Metropolitano*, 157 DPR 96, 104-105 (2002); véase, además, *Eagle Security Police, Inc. v. Dorado*, supra, pág. 83.

El tratadista Rafael Hernández Colón ha expresado que, como regla general, las mociones de desestimación se deciden a base de lo alegado en la alegación contra quien se dirigen, pero si se alega falta de jurisdicción sobre la persona el juzgador o juzgadora de los hechos podrá realizar cualquiera de las siguientes opciones:

> (1) evaluar la moción tomando en consideración sólo las alegaciones de la demanda, o
>
> (2) analizar los documentos y declaraciones juradas, si alguno, conjuntamente con las alegaciones y los documentos y contradeclaraciones juradas que presente el demandante en su oposición, o
>
> (3) señalar una vista evidenciaría, o (4) posponer la decisión para después de la vista en su fondo.
>
> R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta ed. rev., Ed. LexisNexis, 2010, sec. 2606, pág. 308.

Una vez se presenta este tipo de moción, los Tribunales estarán "obligados a tomar como ciertos —y de la manera más favorable a la parte demandante— todos los hechos bien alegados

en la demanda y que hayan sido aseverados de manera clara y concluyente". *Eagle Security Police, Inc. v. Dorado,* supra, pág. 84; véase, además, *González Méndez v. Acción Social et al.,* 196 DPR 213, 234 (2016); *Rivera Sanfeliz et al. v. Jta. Dir. Firstbank,* 193 DPR 38, 49 (2015). También deberán "interpretar las alegaciones en forma conjunta y liberal, y de la manera más favorable a la parte demandante". *González Méndez v. Acción Social et al.,* supra, pág. 234; *Torres, Torres v. Torres Serrano,* 179 DPR 481, 501-502 (2010); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-429 (2008); *Roldán Rosario v. Lutron, S.M., Inc.,* 151 DPR 883, 890 (2000). En vista de ello, los Tribunales no deberán desestimarla "a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar". *Trinidad Hernández v. ELA,* 188 DPR 828, 833-834 (2013), citando a *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Ortiz Matías v. Mora Development,* 187 DPR 649, 654 (2013).

Por otro lado, el tratadista Rafael Hernández Colón ha expresado que cuando la parte promovente de una moción de desestimación fundamente su escrito en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, esta defensa se determinará a base de la faz de esa demanda, es decir no se considerará a base de materia fuera de la alegación. R. Hernández Colón, *Op. Cit.,* pág.309. No obstante, a lo anterior, cuando se presenta una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, supra, con prueba adjunta se transforma en una moción de sentencia sumaria y se considera como si fuese tal. *Íd.; Torres Ponce v. Jiménez,* 113 DPR 58, 63-62 (1982).

**C**

La prescripción es una defensa que se utiliza contra la persona que no ejercita un derecho o acción dentro del plazo fijado por ley para invocarlo. Artículo 1189 del Código Civil de Puerto Rico

del 2020, 31 LPRA sec. 9481. Las acciones prescriben por el tiempo que se les es fijado por ley. *Íd.* Las acciones de responsabilidad civil extracontractual, por su lado, prescriben por el transcurso de un año desde que la persona agraviada conoce de la existencia del daño y por quien fue causado. Artículo 1204 (a) del Código Civil de Puerto Rico del 2020, 31 LPRA sec. 9496. Una vez transcurrido el plazo establecido en ley para ejercer una acción, la prescripción operará siempre y cuando sea alegada por la persona contra quien se pretende ejercer la causa de acción. Artículo 1192 del Código Civil de Puerto Rico del 2020, 31 LPRA sec. 9484.

No obstante, a lo anterior, el termino prescriptivo puede ser interrumpido si ocurre una de estas tres situaciones:

> (a) mediante la presentación de la demanda judicial o de la reclamación administrativa o arbitral por el acreedor contra el deudor, en resguardo del derecho que le pertenece; y en el caso de acciones disciplinarias, por la presentación de la queja;
> (b) por una reclamación extrajudicial hecha por el acreedor, dirigida al deudor; o
> (c) por el reconocimiento de la obligación por el deudor.
>
> Artículo 1197 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9489.

El efecto que conlleva la interrupción del término prescriptivo es que el mismo comenzará a transcurrir luego de la referida interrupción.

## D

La solicitud de sentencia sumaria "es un mecanismo procesal que posibilita la ágil disposición de casos sin la celebración de un juicio, siempre que no [se] presenten controversias genuinas de hechos materiales". *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120 (2023); *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979 (2022); *Fernández Martínez v. RAD-MAN San Juan III-D, LLC*, 208 DPR 310, 334 (2021). Esta solicitud podrá ser presentada a favor de la parte reclamante o a favor de la parte contra quien se reclame. Regla 36.1 de Procedimiento Civil, supra, y Regla 36.2 de

Procedimiento Civil, supra, R. 36.2. En cuanto a la parte reclamante, esta podrá presentar dicha solicitud de sentencia sumaria en cualquier momento luego de haber transcurrido veinte (20) días a partir de la fecha de emplazamiento de la parte demandada, o después que la parte demandada haya notificado su propia solicitud de sentencia sumaria, pero no más tarde de los treinta (30) días siguientes a la fecha límite impuesta por el tribunal para culminar el descubrimiento de prueba. Regla 36.1 de Procedimiento Civil, supra, R. 36.1. Por su parte, la parte contraria podrá presentar la suya, a partir de la fecha en que fue emplazado, pero no más tarde de treinta (30) días luego de la fecha límite para terminar el descubrimiento de prueba. Regla 36.2 de Procedimiento Civil, supra.

Por otro lado, la parte que conteste este tipo de moción deberá hacerlo dentro del término de veinte (20) días desde la notificación de la solicitud de sentencia sumaria. Regla 36.3 (b) de Procedimiento Civil, supra, R. 36.3 (b).

La Regla 36.3 de Procedimiento Civil, expone los requisitos de los cuales debe cumplir una moción de sentencia sumaria, en específico expone:

> (a) La moción de sentencia sumaria se notificará a la parte contraria y contendrá lo siguiente:
>
> > (1) una exposición breve de las alegaciones de las partes;
> >
> > (2) los asuntos litigiosos o en controversia;
> >
> > (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
> >
> > (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y

(6) el remedio que debe ser concedido.

b) La contestación a la moción de sentencia sumaria deberá ser presentada dentro del término de veinte (20) días de su notificación y deberá contener lo siguiente:

(1) lo indicado en los subincisos (1), (2) y (3) del inciso anterior;

(2) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(3) una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.

(c) Cuando se presente una moción de sentencia sumaria y se sostenga en la forma provista en esta Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede.

(d) Toda relación de hechos expuesta en la moción de sentencia sumaria o en su contestación podrá considerarse admitida si se indican los párrafos o las páginas de las declaraciones juradas o de otra prueba admisible en evidencia donde ésta se establece, a menos que esté debidamente controvertida conforme lo dispone esta regla. El tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados y que no tienen una referencia a los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen. Tampoco tendrá la obligación de considerar cualquier parte de una declaración jurada u otra prueba admisible en evidencia a la cual no se haya hecho referencia en una relación de hechos.

(e) La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente.

El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o contra cualquier parte en el pleito.

Si la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal.

Ahora bien, a tenor con la Regla 36.3(e) de Procedimiento Civil, supra, R. 36.3 (e), procede dictar una moción de sentencia sumaria "sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, así como las declaraciones juradas y alguna otra evidencia, si las hubiese, confirman la inexistencia de una controversia real y sustancial sobre algún hecho esencial y pertinente, y si el derecho aplicable así lo justifica". Véase, además, *Birriel Colón v. Supermercado Los Colobos*, supra; *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015); *SLG Zapata Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). Para ello, será necesario que la parte promovente establezca su derecho con claridad y demuestre que no existe controversia sustancial o real respecto a algún hecho material. *Birriel Colón v. Supermercado Los Colobos*, supra; *Meléndez González et al. v. M. Cuebas*, supra, págs. 109-110. En esa misma línea, nuestro más alto foro ha establecido que, un hecho material es "aquel que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable". *Meléndez González et al. v. M. Cuebas*, supra, pág. 110; *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

Por otra parte, la parte que se opone a la solicitud de sentencia sumaria deberá refutar los hechos materiales que entienda están en disputa con evidencia sustancial. *Birriel Colón v. Supermercado Los Colobos*, supra; *Fernández Martínez v. RAD-MAN San Juan III-D, LLC*, supra, págs. 336-337. Ahora bien, si la petición de sentencia sumaria está sustentada con declaraciones juradas u otra prueba, la parte que se opone no puede descansar en meras alegaciones. *Birriel Colón v. Supermercado Los Colobos,* supra*; Ramos Pérez v. Univisión*, supra, pág. 215. Aun así, aunque no se presente prueba para controvertir la evidencia presentada, ello no conduce a la concesión automática de una solicitud de sentencia sumaria. *Birriel Colón v. Supermercado Los Colobos*, supra; *Fernández Martínez v. RAD-MAN San Juan III-D, LLC*, supra, pág. 337.

A tenor con lo anterior, y como asunto de umbral, es meritorio reiterar el estándar de revisión que este Tribunal debe seguir al momento de revisar denegatorias o concesiones de solicitudes de sentencia sumaria.

En primer lugar, nos encontramos en la misma posición que el foro primario al momento de revisar las mociones de sentencia sumaria. *Meléndez González et al. v. M. Cuebas*, supra, pág. 118. En otras palabras, se aplicarán los mismos criterios que la Regla 36 de Procedimiento Civil, supra, R. 36, le exige al foro a quo. Sin embargo, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Aun así, la revisión por parte de este Tribunal es de novo y debemos examinar el expediente de la forma más favorable hacia la parte que se opuso a la moción de sentencia sumaria, "llevando a cabo todas las inferencias permisibles a su favor". *Meléndez González et al. v. M. Cuebas*, supra, pág. 118.

Segundo, al encontrarnos en la misma posición que el foro a quo, debemos revisar que tanto la petición de sentencia sumaria como su oposición cumplan con los requisitos de la Regla 36 de

Procedimiento Civil, supra. *Meléndez González et al. v. M. Cuebas*, supra, pág. 118.

Tercero, nuestro Tribunal debe revisar si en realidad existen hechos materiales en controversia. Íd. De haberlos, debemos cumplir con la exigencia establecida en la Regla 36.4 de Procedimiento Civil, supra, R. 36.4, y exponer cuáles son los hechos materiales que están en controversia y cuáles son incontrovertidos. *Íd.*

Cuarto y último, si este Tribunal encuentra que los hechos materiales están incontrovertidos, debemos revisar de novo si el TPI aplicó correctamente el derecho. *Íd.*, pág. 119.

### III

Como primer señalamiento de error, la parte apelante nos plantea que el Tribunal de Primera Instancia erró al aplicar el marco procesal de la moción de sentencia sumaria a una moción de desestimación, pues alega que al hacerlo no le otorgó las garantías procesales de la moción dispositiva. En segundo lugar, nos señala que el foro sentenciador incidió al determinar que la reclamación contra la parte apelada estaba prescrita. Le asiste la razón en su primer señalamiento de error. Veamos.

En nuestro ordenamiento jurídico, las mociones de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, son presentadas por la persona contra quien se presentó una reclamación judicial, para solicitar la desestimación del pleito si es evidente que de las alegaciones incluidas en la demanda prosperará alguna de las defensas afirmativas de la regla.[14] El foro judicial que las atienda, debe tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y

---

[14] Véase, *Comisión v. González Freyre et al.*, supra; *Eagle Security Police, Inc. v. Dorado*, supra.

concluyente.[15] De la misma forma, deberá interpretar las alegaciones contenidas en la demanda en forma conjunta y liberal, y de la manera más favorable a la parte demandante.[16] No obstante, el Tribunal no desestimará la causa de acción a menos que se demuestre que el reclamante de la causa de acción no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar.[17]

Bien es sabido, que cuando se presenta una moción de desestimación bajo el fundamento de que la demanda dejar de exponer una reclamación que justifique la concesión de un remedio, con prueba adjuntada a la misma, se transforma en una moción de sentencia sumaria y se considera como si fuese tal.[18]

En el caso ante nuestra consideración, el foro sentenciador, luego de que la parte apelada presentará su *Moción de Desestimación*[19] y que la parte apelante presentará su *Oposición a Moción de Desestimación*,[20] le solicitó a este último una declaración jurada en donde debía detallar todas las gestiones de inteligencia realizadas con Multinational. A raíz del cumplimiento sobre la *Orden*, el foro sentenciador emitió una *Sentencia Sumaria Parcial*[21] en la cual resolvió que la parte apelante debió haber identificado quién daba mantenimiento al puente peatonal donde ocurrió el accidente, para así incluirlo en la demanda original dentro del término prescriptivo. Si bien es cierto que en nuestro ordenamiento jurídico los foros primarios pueden resolver una moción de desestimación como una moción de sentencia sumaria, esto solo será posible cuando la parte promovente de la moción o la parte que responde a esta adjuntan evidencia con la misma y si cumple con

---

[15] Véase, *Eagle Security Police, Inc. v. Dorado.*
[16] Véase, *González Méndez v. Acción Social et al.*, supra.
[17] Véase, *Trinidad Hernández v. ELA*, supra.
[18] Véase, R. Hernández Colón, *Op. Cit.*, pág.309; *Torres Ponce v. Jiménez*, supra.
[19] Apéndice del Recurso de *Apelación*, págs. 28-34.
[20] Apéndice del Recurso de *Apelación*, págs. 35- 36.
[21] *Íd.* págs. 50-55. Notificada y archivada en autos el mismo día.

los requisitos enlistados en la Regla 36.3 de Procedimiento Civil, *supra*. Situación que no ocurrió en el caso de autos.

De entrada, al tratarse sobre una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*, el foro sentenciador debió resolver la moción dispositiva conforme a su procedimiento y no debió, solicitar motuo propio, evidencia intrínseca para convertir el procedimiento en uno sumario cuando en ninguno de los escritos presentados por las partes se incluyó evidencia sobre el asunto en controversia, ni cumplían con la Regla 36.3 de Procedimiento Civil, *supra*, sobre moción de sentencia sumaria. Al solicitar a la parte apelante la presentación de evidencia sobre todas las gestiones de inteligencia realizadas con Multinational, el foro primario abuso de su discreción al actuar como la parte promovente de la moción dispositiva.

El foro sentenciador debió limitarse a tomar como ciertos todos aquellos hechos bien alegados en la reclamación de la parte apelante, conforme a la Regla 10.2 de Procedimiento Civil, *supra*, y la jurisprudencia interpretativa. Del mismo modo, debió desestimar la causa de acción si de la *Demanda Enmendada* se demostraba que la apelante no tenía derecho a remedio alguno bajo cualesquiera hechos que pudiera probar. El Tribunal de Primera Instancia de no haber estado convencido de la moción de desestimación presentada por la parte apelada o la contestación presentada por la apelante, pudo haber señalado una vista evidenciaria, o posponer la decisión para después del juicio en su fondo. Por tal razón, se cometió el primer señalamiento de error y se revoca el dictamen apelado. Debido a que se revoca la *Sentencia Sumaria Parcial*, no discutiremos el segundo señalamiento de error.

**IV**

Por los fundamentos antes expresados, se revoca el dictamen apelado y devolvemos el caso al Tribunal de Primer Instancia para que continúen los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones